# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KEVIN COPE AND ROGER LAINE

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND A&M COLLEGE, TEACHERS'
RETIREMENT SYSTEM OF
LOUISIANA

NO.  2023 CW 1180

**JANUARY 18, 2024**

---

In Re:    Teachers' Retirement System of Louisiana, applying for
supervisory writs, 19th Judicial District Court,
Parish of East Baton Rouge, No. 633758.

---

**BEFORE:   THERIOT, PENZATO, AND GREENE, JJ.**

**WRIT GRANTED.** The district court's September 8, 2023 judgment granting the motion in limine to exclude expert witness filed by plaintiffs is reversed. A district court has wide discretion in determining whether to allow a witness to testify as an expert, and its judgment will not be disturbed by an appellate court unless it is clearly erroneous. **LaBauve v. Louisiana Medical Mutual Ins. Co.**, 2021-00763 (La. 4/13/22), 347 So.3d 724, 728. La. Code Evid. art. 702 requires expert witnesses to be both qualified by knowledge, skill, experience, training, or education and to offer testimony that is relevant and reliable. We find the district court abused its discretion in excluding the expert's testimony. Defendants' proposed expert, Keith Brainard, is qualified under Article 702 for the purpose for which defendants intend to introduce his testimony: "state retirement plans, including the duties of those who administer and manage such plans" for employees of state and local governments. Any "shaky but admissible evidence" may be attacked through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof[.]" **Blair v. Coney**, 2019-00795 (La. 4/3/20), 340 So.3d 775, 781, quoting **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579, 596, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993).

**MRT**
**AHP**
**HG**

COURT OF APPEAL, FIRST CIRCUIT

_a.s.D_

DEPUTY CLERK OF COURT
FOR THE COURT